UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BRADLEY,                                          Case No. 15-14468

        Plaintiff,                                        Linda V. Parker
v.                                                        United States District Judge

ELITE PROPERTY MANAGEMENT,                                Stephanie Dawkins Davis
                                                              United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO DISMISS (Dkt. 19) AND
PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT
<u>AND PRELIMINARY INJUNCTION (Dkt. 18, 27, 31)</u>**

**I.      PROCEDURAL HISTORY**

On December 28, 2015, plaintiff filed a *pro se* complaint against defendant, Elite Property Management. (Dkt. 1). On February 16, 2016, District Judge Linda V. Parker referred this matter to the undersigned for all pretrial proceedings. (Dkt. 12). On April 5, 2016, plaintiff filed a motion for summary judgment. (Dkt. 18). Defendant filed its response on April 12, 2016. (Dkt. 19). On April 11, 2016, defendant filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting a lack of subject matter jurisdiction. (Dkt. 19). Plaintiff filed a response to the motion on May 9, 2016. (Dkt. 23). Plaintiff also filed a document entitled "Amended Statement of Jurisdiction" on April 21, 2016.

1

(Dkt. 21). Most recently, plaintiff filed a motion for preliminary injunction and a motion to amend the motion for preliminary injunction. (Dkt. 27, 31).

Plaintiff's statement of claim in his complaint is as follows:

> Since 2014 Elite Property Management has failed to [adequately] secure my apartment. My apartment has been repeatedly searched and legal documents has [sic] been stolen. I have had my food, clothes, household products, and resume stolen from my apartment. I have had my furniture damaged and Elite Property Management admits responsibility for the damages. I have to take my legal documents with me in order to prevent them from being stolen. In or around October of this year my neighbor Cedrick Nickerson starting making excessive noise with his subwoofer to his TV. I made several complaint[s] to the management office concerning the noise and they gave Mr. Nickerson a warning letter. Mr. Nickerson continued to make excessive noise and I made several more complaints to the management office. On 12,20,15 and 12,21,15 I called 911 concerning the excessive noise. The police came to my apartment both nights. The officers stated to me that they had to hear the noise in order to write a ordinance violation and stated that I should call the management office. On 12,23,15 I was given a letter from the management office stating that they have found no infraction at this time. Elite Property Management has violated my 4th amendment rights, the lease agreement and the federal governments low income housing tax program.

(Dkt. 1, Pg ID 1-2). Plaintiff requests the following relief from the Court:

> I respectfully prays [sic] that this court enter judgment granting compensatory damages in the amount of $15,000 against the defendant. I respectfully pray [sic] that this court enter judgment granting punitive damages

2

> in the amount of $15,000 against the defendant. I request that this court order Elite Property Management to install a security monitoring/alarm system for the integrity of its residents and any additional relief this court deems just, ____ and equitable.

(Dkt. 1, Pg ID 2).[1]

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that this matter be **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Given the foregoing conclusion, plaintiff's motions for summary judgment, for preliminary injunction, and to amend his motion for preliminary injunction should be **DENIED** as moot.

## II. ANALYSIS AND CONCLUSIONS

Defendant argues that plaintiff's complaint contains no claim cognizable under federal law and there is no diversity jurisdiction. Thus, according to defendant, the court is without subject matter jurisdiction and this matter must be dismissed under Rule 12(b)(1). In response, plaintiff asserts that he filed an amended statement of jurisdiction where he "added" 28 U.S.C. § 1367, 18 U.S.C. § 1512(h), and 18 U.S.C. § 2071. According to plaintiff, pursuant to these statutes and Federal Rules of Civil Procedure 19, 20 and 21, this Court has supplemental and extraterritorial jurisdiction. (Dkt. 23). Notably, plaintiff's amended statement

---

[1] The missing word from plaintiff's complaint was not legible.

3

of jurisdiction also cites the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1985, 1986, 1988. (Dkt. 21). Plaintiff does not, however, address the merits of the subject matter jurisdiction arguments posited by defendant in either document filed.

In the view of the undersigned, even considering plaintiff's amended statement regarding jurisdiction, there is no cognizable claim in plaintiff's complaint. Pursuant to Rule 12(b)(1), dismissal of an action is appropriate when a court does not enjoy subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted). Having invoked the jurisdiction of the federal courts, "the plaintiff bears the burden of proving that jurisdiction exists." *Id.*; *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976). Further, "because access to the courts is essential to the enforcement of laws and protection of the values that are rooted deeply in our democratic form of government, this

4

Court may not treat lightly the claims of any litigant, even those whose contentions appear fantastic and baseless on their face." *Dekoven*, 140 F.Supp.2d at 754. Thus, every complaint is "entitled to a thorough review to determine whether it has merit and states a federally cognizable claim." *Id*.

None of the claims identified by plaintiff provide this Court with jurisdiction. Notably, defendant is a private company, not any state actor. Thus, the allegations by plaintiff against defendant under the Fourth and Fourteenth Amendments along with most of his civil right rights claims under Title 42 fail to assert the deprivation of any of right secured by the Constitution or laws of the United States. *See e.g.*, *Cottman v. Horizon Healthcare*, 2015 WL 959913, at *3 (S.D. Ohio 2015). Just as in *Cottman*, the allegations merely reflect plaintiff's complaints about conditions in a privately run apartment complex in which he resides. However, none of the brief allegations "no matter how liberally construed" suggest any constitutional violation by any person acting under color of state law. *See id*.

More specifically, the absence of any alleged state action is also fatal to § 1985 and § 1986 claims. *See Lindensmith v. Webb*, 2016 WL 3679505, at *2 (E.D. Mich. 2016); *Bateman v. United States*, 2009 WL 2043871, at *7 (M.D. Tenn. 2009) ("Like § 1983, causes of action under §§ 1985 and 1986 concern action by state actors under color of state law."). And, "§ 1988 does not provide

5

an independent cause of action. Because Plaintiff cannot prevail on his civil rights claims, he cannot obtain attorneys fees under § 1988." *Allemon v. Bair*, 2005 WL 1684153, at *4 (E.D. Mich. 2005). As to § 1981, where a plaintiff does not allege all three elements of such a claim, namely, (1) plaintiff is a member of a racial minority; (2) defendant intentionally discriminated against plaintiff because of his or her race; and (3) the discrimination involved the making or enforcing of a contract, the court lacks subject matter jurisdiction. *Reynolds v. Marquette Gen. Hosp.*, 2011 WL 6097749, at *2 (W.D. Mich. Nov. 14, 2011), report and recommendation adopted, 2011 WL 6097742 (W.D. Mich. Dec. 6, 2011). For these reasons, subject matter jurisdiction over plaintiff's constitutional and civil rights claims is lacking.

Additionally, courts have uniformly found that there is no private right of action which a civil plaintiff may assert under the criminal statutes plaintiff identifies. *Doss v. Lexington Fayette Urban Cty. Gov't,*, 2015 WL 4372715, at *5 (E.D. Ky. 2015) (citing *Kafele v. Frank & Wooldrige Co.*, 108 Fed. Appx. 307 (6th Cir. 2004) (civil plaintiff has no private right of action to assert a claim under 18 U.S.C. §§ 241, 242, 1505); *Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009) (civil plaintiff may not assert a claim under 18 U.S.C. § 1503, and violation of that section cannot provide a basis for liability under 42 U.S.C. § 1983 "because it does not contain explicit 'rights-creating language.'"); *Shahin v.*

6

*Darling*, 606 F.Supp.2d 525, 538 (D. Del. 2009) (no private right of action under 18 U.S.C. §§ 1506, 1512, 1513); *see also*, *Mitchell-Bey v. City of Detroit*, 2007 WL 674595, at *3 (E.D. Mich. 2007) (The plaintiff failed to state a claim for relief under criminal code sections 18 U.S.C. §§ 241, 242, 1343, 1349, and 2071 because a private citizen has no standing to bring an action for an alleged violation of the criminal code.) (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair*, 145 F.3d 1331 (6th Cir. 1998) (unpublished)). Thus, reference to these statutes does not confer subject matter jurisdiction on the Court.

Finally, given that there are no cognizable federal claims, there is no basis for the court to exercise supplemental jurisdiction over any possible state law claims under 28 U.S.C. § 1367 because "[s]upplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.").

After a thorough and careful review of plaintiff's complaint, taking all

allegations as true and construing them liberally, the undersigned is unable to discern any cognizable cause of action over which this Court might have jurisdiction and, therefore, recommends dismissal of plaintiff's entire complaint with prejudice on this basis.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that this matter be **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Given the foregoing conclusion, plaintiff's motions for summary judgment, for preliminary injunction, and to amend his motion for preliminary injunction should be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 11, 2017　　　　　　　　s/Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　　Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 11, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Mail to the following non-ECF participant: Ronald Bradley, 19243 Lahser Road, Apt. B-106, Detroit, MI 48219.

　　　　　　　　　　　　　　　　　　s/Tammy Hallwood
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 341-7887
　　　　　　　　　　　　　　　　　　tammy_hallwood@mied.uscourts.gov