UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD BRADLEY,

      Plaintiff,

v.

      Case No. 15-14468
      Honorable Linda V. Parker

ELITE PROPERTY MANAGEMENT,

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JANUARY 11, 2017 REPORT AND RECOMMENDATION [ECF NO. 32]; (2) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 19]; AND DENYING AS MOOT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND PRELIMINARY INJUNCTION [ECF NOS. 18, 27, 31]**

      Plaintiff Ronald Bradley commenced this lawsuit against Defendant Elite Property Management on December 28, 2015.  (ECF No. 1.)  In his complaint, Plaintiff alleged that Defendant violated his Fourth Amendment rights, "lease agreement, and the federal [government's] low income housing tax program."  (*Id.* at Pg ID 1-2.)  The matter had been referred for all pretrial matters to Magistrate Judge Stephanie Dawkins Davis.  (ECF No. 12.)

      On April 5, 2016, Plaintiff filed a motion for summary judgment.  (ECF No. 18.)  Less than a week later, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  (ECF No. 19.)  On April 21,

1

2016, Plaintiff filed a document entitled "Amended Statement of Jurisdiction." (ECF No. 21.) Plaintiff recently filed a motion for preliminary injunction and a motion to amend the preliminary injunction motion. (ECF Nos. 27, 31.)

Magistrate Judge Davis issued a Report and Recommendation ("R&R") on January 11, 2017. (ECF No. 32.) In the R&R, Magistrate Judge Davis finds that Plaintiff did not allege any cognizable claim in his complaint. (*Id.* at Pg ID 153.) In his Amended Statement of Jurisdiction, Plaintiff stated his claim arose under the Fourth Amendment of the United States Constitution; 28 U.S.C. § 1367(a); 42 U.S.C. §§ 1981, 1985, 1986, 1988; 18 U.S.C. § 1512; and 18 U.S.C. § 2071. (ECF No. 21 at Pg ID 111.) However, Magistrate Judge Davis notes that Plaintiff's allegations under the Fourth Amendment and most of his civil rights claims under Title 42 do not indicate he suffered the deprivation of any constitutional right. (ECF No. 32 at Pg ID 154.) Further, Magistrate Judge Davis states that none of Plaintiff's allegations suggest any constitutional violation by any person acting under the color of state law because Defendant is a private company. (*Id.*) The magistrate judge's report also dismisses Plaintiff's claim under 42 U.S.C. § 1981 because he failed to allege the elements of the claim. (*Id.* at Pg ID 155.) Magistrate Judge Davis concludes her opinion by recommending that Defendant's motion to dismiss be granted and that Plaintiff's motions for summary judgment and preliminary injunction be denied as moot. (*Id.* at Pg ID 157.)

At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.*) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*, citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.3d 505 (6th Cir. 1991)).

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his objections, Plaintiff first attempts to satisfy the elements of a claim brought pursuant to 42 U.S.C. § 1981. Section 1981 protects against racial discrimination in the making and enforcement of contracts. *See Domino's Pizza,*

3

*Inc. v. McDonald,* 546 U.S. 470, 476 (2006) ("Section 1981offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.") To establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) plaintiff is a member of a racial minority, (2) defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *Johnson v. Harrell,* 142 F.3d 434, 1998 WL 57356 (6th Cir.1998) (citing *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir.1996). Plaintiff alleges that Defendant is aware that Plaintiff is a member of a racial minority; Defendant violated the terms of the lease in Plaintiff's neighborhood but "would not repeatedly violate the lease in a predominantly white apartment tenant building or a predominantly white community"; and "Defendant failed to provide enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." (ECF No. 33 at Pg ID 159.)

Plaintiff does not adequately plead a cognizable claim under Section 1981. Plaintiff does not state or provide facts demonstrating that, if true, Defendant intentionally discriminated against Plaintiff based on his race. Plaintiff also fails to allege facts that show an impaired contractual relationship between the parties. To survive a motion to dismiss, a complaint need not contain "detailed factual

allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff provides the Court only with "labels and conclusions."

In his second objection, Plaintiff states that this Court has subject matter jurisdiction over his claims "given that there are cognizable federal claims." This Court disagrees. The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Davis. The Court therefore adopts Magistrate Judge Davis's January 11, 2017 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment, for preliminary injunction, and to amend his motion for preliminary injunction (ECF Nos. 18, 27, 31) are **DENIED AS MOOT.**

                                     s/ Linda V. Parker
                                     LINDA V. PARKER
                                     U.S. DISTRICT JUDGE

Dated: February 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 3, 2017, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager